**RECORD NO. 16-4235**

# IN THE
# United States Court of Appeals
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff - Appellee,*

v.

JOHN EDWARD HAYES,

*Defendant - Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

(THE HONORABLE RICHARD D. BENNETT, U.S.D.J.)

**OPENING BRIEF OF APPELLANT
JOHN EDWARD HAYES**

David R. Solomon
LAW OFFICE OF
DAVID R. SOLOMON, ESQUIRE
201 North Charles Street, Suite 1717
Baltimore, Maryland 21201
(410) 244-8822
drsolomonlaw@gmail.com

*Counsel for Appellant*

LANTAGNE LEGAL PRINTING 801 East Main Street Suite 100 Richmond, Virginia 23219 (804) 644-0477
A Division of Lantagne Duplicating Services

# TABLE OF CONTENTS

                                           Page

TABLE OF AUTHORITIES ................................................................................. ii

STATEMENT OF THE JURISDICTION .............................................................. 1

STATEMENT OF THE ISSUES ............................................................................ 1

STATEMENT OF THE CASE ............................................................................... 1

    Statement of the Facts ................................................................................. 2

SUMMARY OF THE ARGUMENT ...................................................................... 5

ARGUMENT ........................................................................................................... 6

    Standard of Review ..................................................................................... 6

    Discussion of the Issues .............................................................................. 7

        **1. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO SUPPRESS THE ORAL STATEMENTS MADE WHILE APPELLANT WAS UNDER THE IMPROPER INFLUENCE OF MULTIPLE MEDICATIONS.** ...................... 7

        **2. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO DISMISS COUNT SEVEN, CATEGORIZING ARMED BANK ROBBERY AS A CRIME OF VIOLENCE AND, SUBSEQUENTLY, IMPOSING A TERM OF IMPRISONMENT ON THE 924(C) COUNT.** ........................................... 9

CONCLUSION ..................................................................................................... 14

CERTIFICATE OF COMPLIANCE **................................................................... 14**

CERTIFICATE OF SERVICE .............................................................................. 15

# TABLE OF AUTHORITIES

*Cases*

Anders v. California,
 386 U.S. 738 (1967)..................................................................................1

Arizona v. Fulminante,
 499 U.S. 279 (1991)..................................................................................6

Colorado v. Connelly,
 479 U.S. 157, 165 (1986)..........................................................................8

Johnson v. United States,
 135 S. Ct. 2551 (2015)...................................................................... 12, 13

Johnson v. United States,
 559 U.S. 133 (2010).......................................................................... 12, 13

United States v. Braxton,
 112 F.3d 777, 780 (4th Cir. 1997) ............................................................7, 8

United States v. Carthorne,
 726 F.3d 503, 511 (4th Cir. 2013) .............................................................10

United States v. Cristobal,
 293 F.3d 134, 140 (4th Cir. 2002) ............................................................7, 8

United States v. Diaz-Ibarra,
 522 F.3d 343, 348 (4th Cir. 2008) .............................................................10

United States v. Fuertes,
 805 F.3d 485, 498 (4th Cir. 2015) ...............................................................9

United States v. Montes-Flores,
 736 F.3d 357, 363 (4th Cir. 2013) ...............................................................6

United States v. Torres-Miguel,
    701 F.3d 165 (4th Cir. 2012) ................................................................... 11, 12

United States v. Woodrup,
    86 F.3d 359, 364 (4th Cir. 1996) ..................................................................11

***Statutes***

18 U.S.C. §2113(a), (d) ........................................................................................ 4, 11

18 U.S.C. §3742 ........................................................................................................1

18 U.S.C. §922(g)(1) ................................................................................................4

18 U.S.C. §924(c) ........................................................................................... passim

18 U.S.C. §924(e)(2)(B) .........................................................................................12

28 U.S.C. §1291 ........................................................................................................1

## STATEMENT OF THE JURISDICTION

This is an appeal from the judgment and sentence in the United States District Court for the District of Maryland, which fully and finally disposed of Hayes's claims. The Final Judgment was entered in this cause on April 19, 2016. Hayes's Notice of Appeal was timely entered on April 25, 2016. Consequently, this Court has jurisdiction under 28 U.S.C. §1291 and 18 U.S.C. §3742.

## STATEMENT OF THE ISSUES

1. Did the trial court err when it denied Appellant's motion to dismiss oral statements that were made while Appellant was under the improper influence of numerous medications?

2. Did the trial court err when it denied Appellant's motion to dismiss Count 7 of the indictment, categorizing armed bank robbery as a crime of violence and, subsequently, imposing a term of imprisonment on the 924(c) count?

## STATEMENT OF THE CASE

This brief is being filed pursuant to Anders v. California, 386 U.S. 738 (1967) (holding that a brief can be filed per Appellant's request while at the same time undersigned counsel acknowledges no nonfrivolous issues exist for appeal).

1

Statement of the Facts

Appellant was a resident of Baltimore, Maryland until May 2014.  dkt69. Between the months of February and April of 2014, Appellant engaged in a series of robberies of Federal Deposit Insurance Corporation (FDIC) insured banks, concluding with the armed robbery of the Sun Trust Bank, located on 10000 Baltimore National Pike, Ellicott City, Maryland, on May 1, 2014, when he stole $1,400.  *Id*.  During that robbery, Appellant used, displayed, and brandished an FEG, Model PA63, 9mm handgun.  *Id*.  This same gun was taken from his possession when he was taken into custody on May 6, 2014, following an encounter Appellant had in a McDonald's restroom with a security officer, where Appellant was seriously injured by gunshots from the security officer.  *Id*.

Appellant also committed the following additional robberies of FDIC insured banks:

On February 3, 2014, Appellant robbed the PNC Bank at 1100 North Charles Street, Baltimore, stealing $1,631.  *Id*.  Hayes presented a note to the teller and announced it was a stick-up and demanded money but no dye-packs.  *Id*.

On February 18, 2014, Appellant robbed the Wells Fargo Bank at 1860 North Rolling Road, Catonsville, stealing $7,339.11.  *Id*.  He was disguised with a wig, a woman's hat and makeup and carried a woman's purse.  *Id*.  Appellant

presented a deposit slip to a teller on which had been written, "this is a hold up." *Id*. According to the teller, Appellant said he was armed with a handgun, and repeatedly said, "give me all the money with no dye packs and don't press the alarm," or words to that effect. *Id*.

On March 14, 2014, Appellant robbed the same Wells Fargo Bank at 1860 North Rolling Road, stealing $3,520. *Id*. On that date, Appellant was not wearing a disguise. *Id*. He announced to the teller, "I have a gun," and demanded money. *Id*. Appellant said, "no funny business, no dye packs," or words to that effect. *Id*.

On April 21, 2014, Appellant robbed the Capitol One Bank at 11261 New Hampshire Avenue, Silver Spring, Maryland, stealing $2,700. *Id*. Appellant entered the bank, approached a teller and said, "give me all you $100, $50, $20, $10. Give me the money or I'll shoot one of your co-workers. I have a gun," or words to that effect. *Id*.

On April 28, 2014, Appellant robbed the Capitol One Bank at 11241 Georgia Avenue, Wheaton, Maryland, stealing $1,107. *Id*. Appellant handed a teller a folded piece of paper on which was written, "I have a gun! I don't [sic] want no dye packs or gps. Only $100, $50, $20, $10! or I will shoot your co-worker!" *Id*.

The total amount Hayes stole in the six bank robberies was $17,697.11. *Id*.

3

Appellant was charged in an eight count indictment in the United States District Court for the District of Maryland. dkt1. On December 22, 2015, Appellant, and his undersigned counsel, signed a plea agreement with the United States Attorney's Office. dkt69. In that agreement, Appellant agreed to plead guilty to Counts Six, Seven, and Eight of the Indictment charging him with armed robbery, use of a firearm during the commission of a crime of violence, and illegal possession of a firearm, in violation of 18 U.S.C. §2113(a)(d) and (f), 18 U.S.C. §924(c)(1)(A), and 18 U.S.C. §922(g)(1), respectively. *Id*.

On June 12, 2014, Detective Hanlon and Special Agent Dane picked up Appellant from the Metropolitan Transition Center (MTC), hospital of the Baltimore City Detention Center, and transported him to the Baltimore County Police Department's Headquarters in Towson, Maryland for an interview. dkt92 at 53, 73. After the interview, they returned him to the Detention Center. *Id*. at 70.

On December 18, 2015, a motions hearing was heard before the Honorable Richard D. Bennett, United States District Judge. dkt60. The following motions were heard: (1) to suppress written and oral statements made by Appellant, (2) to suppress evidence seized during the search of a white Altima, (3) to file additional motions after discovery, (4) to suppress photo identification and or video surveillance and in-court identification, (5) for disclosure pursuant to Criminal Procedure §404(b) and §609, (6) for severance based on prejudicial joinder of the

4

offenses, and (7) to dismiss Count Seven of the indictment. *Id.* On December 21, 2015, the trial court declared that motions 3-5 were moot and denied motions 1, 2, 6, and 7. dkt61.

On April 19, 2016, a sentencing hearing was held. dkt79. The trial court sentenced Appellant to the following: (a) imprisonment for a term of 105 months for Count Six and 105 months for Count Eight, concurrent to Count Six, and 104 months for Count Seven, to run consecutive to Counts Six and Eight, for a total term of 209 months with credit for time served in federal custody dating from February 6, 2015, (b) supervised release for a term of five (5) years for Count Six, five (5) years for Count Seven, and three (3) years for Count Eight, all to run concurrently, for a total of five (5) years, (c) an assessment of $300, and (d) restitution in the amount of $17,679.11. dkt81. The plea agreement contained a provision preserving Appellant's right to raise several issues on appeal, two of which still have standing: (1) the adverse ruling on the motion to suppress statements and (2) the ruling on the motion to dismiss Count Seven. dkt69.

Appellant now wishes to appeal these issues.

## SUMMARY OF THE ARGUMENT

This appeal relates to two motions that were denied during the motions hearing of December 18, 2015. Appellant contends that the trial court erred when

5

it denied the motion to suppress oral statements made by Appellant during the interview on June 12, 2014. Appellant asserts that those statements were involuntary, considering his medical condition, and should not have been introduced into evidence. Appellant further contends that the Trial Court erred when it did not grant Appellant's motion to dismiss Count Seven (violation of 18 U.S.C. §924(c)) of the indictment. Appellant maintains that armed bank robbery (Count Six) does not qualify as a crime of violence and, therefore, he should not have been convicted under Count 7 for a violation of 18 U.S. C. §924(c).

## ARGUMENT

<u>Standard of Review</u>

On appeal, the Court's determination of the voluntariness of a statement is reviewed *de novo*. <u>Arizona v. Fulminante</u>, 499 U.S. 279 (1991). The Court also reviews any questions of law under the *de novo* standard. <u>United States v. Montes-Flores</u>, 736 F.3d 357, 363 (4th Cir. 2013). The trial court drew a legal conclusion when it held that armed bank robbery was a crime of violence, upholding the 18 U.S.C. §924(c) violation of Count Seven.

Discussion of the Issues

**1. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO SUPPRESS THE ORAL STATEMENTS MADE WHILE APPELLANT WAS UNDER THE IMPROPER INFLUENCE OF MULTIPLE MEDICATIONS.**

On May 6, 2013, Appellant was shot by a security officer in the bathroom of a McDonald's and sustained several serious injuries. About a month later, Detective Hanlon and Special Agent Dane interviewed Appellant. Prior to the interview, both officers were alert to the fact that Appellant had sustained serious injuries, was still on medication, and that he was unable to walk without some assistance. dkt92 at 71, 75.

This Court has held that the introduction of involuntary statements into evidence is a violation of the 5th Amendment's Due Process Clause. United States v. Braxton, 112 F.3d 777, 780 (4th Cir. 1997). There are three ways in which a statement can be considered involuntary under the Due Process Clause: (1) it was "extracted by…threats or violence," (2) it was "obtained by…direct or implied promises," or (3) it was given under "the exertion of…improper influence." *Id*. An analysis of the voluntariness of a confession consists of two main inquiries: (1) whether the subject's will has been "overborne" or his/her capacity for self-determination was critically impaired, and (2) whether the necessary predicate of coercive government conduct was present. *See* United States v. Cristobal, 293

7

F.3d 134, 140 (4th Cir. 2002); Colorado v. Connelly, 479 U.S. 157, 165 (1986). These are assessed through an examination of the "totality of the circumstances," which include where the statement was obtained, the characteristics of the subject, and the details of the interrogation or interview. Braxton, 112 F.3d at 781.

During the motions hearing of December 18, 2015, Appellant testified that, when interviewed by the agents, he was under the influence of OxyContin, Oxycodone, Tramadol, Amitriptyline, Naproxen, Ultram, and Senna. dkt92 at 91-93. Appellant further testified that, in the past, when charged with criminal offenses, he had never confessed to the commission of any crimes, particularly when not medicated and of a sound mind. *Id*. at 96. However, the Trial Court denied Appellant's motion to suppress oral statements which were made during his interview with Detective Hanlon and Special Agent Dane. dkt60-61.

Appellant maintains that the presence of multiple drugs in his body placed him under the improper influence of the medication and critically impaired his capacity for self-determination. The refusal of the officers to talk with Appellant during his transport form where he was incarcerated to the site of the interview and the lack of notice to Appellant regarding law enforcement's intent to conduct an interview, resulted in unnecessary and illegal pressure to conduct the interview. The officers further took advantage of Appellant by conducting an interview, considering his condition. The officers were on actual and constructive notice that

8

Appellant was on drugs for his previously sustained injuries at the time of the interview. In light of the foregoing, the officers' conduct caused Appellant to be intimidated. An examination of all these issues, in the aggregate, support a finding that Appellant's statements were not voluntary. Therefore, the trial court's refusal to suppress the involuntary oral statements given during this interview violated Appellant's 5th Amendment rights.

**2. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO DISMISS COUNT SEVEN, CATEGORIZING ARMED BANK ROBBERY AS A CRIME OF VIOLENCE AND, SUBSEQUENTLY, IMPOSING A TERM OF IMPRISONMENT ON THE 924(C) COUNT.**

The trial court determined that armed robbery was a "crime of violence" under 18 U.S.C. §924(c)(3), and, subsequently, that Count Seven was not to be dismissed. dkt61. A crime of violence is defined as:

> An offense that is a felony and (A) has as *an element* the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the crime.

(emphasis added) 18 U.S.C §924(c)(3)(A), (B). Subsection A is known as the force clause and subsection B is known as the residual clause. United States v. Fuertes, 805 F.3d 485, 498 (4th Cir. 2015).

9

The wording of the force clause supports the "categorical approach" used by a number of courts, including this court. The courts use this approach to determine whether an offense is a "crime of violence" by completely focusing "on the elements, rather than the facts." United States v. Carthorne, 726 F.3d 503, 511 (4th Cir. 2013). This is done by an analysis of the statute, instead of the particular actions of the individual. The court looks to see whether <u>any</u> conduct under the statute does not qualify as a "crime of violence." For example, consider a statute that has a wide range of conduct violations. The court would take the full range of possible violations and look to the "most innocent conduct" and determine whether it constitutes a "crime of violence." United States v. Diaz-Ibarra, 522 F.3d 343, 348. If one of those actions does not meet the criteria for a "crime of violence," then <u>none</u> of the violations under that statute qualifies as a "crime of violence." *Id*.

Appellant was charged with armed bank robbery. Under the "categorical approach," armed bank robbery does not qualify as a "crime of violence" under the force clause of 924(c). The United States Code defines armed bank robbery as:

> (a) Whoever, *by force and violence, or by intimidation*, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association.  (d) Whoever, in committing, or in attempting to commit [the above], assaults any person, or

> puts in jeopardy the life of any person by the use of a dangerous weapon or device…

(emphasis added) 18 U.S.C. §2113(a), (d). The drafters of this statute inserted "or" to emphasize the fact that armed bank robbery can be committed without the use of "force and violence". This means that force is not necessary and that there is alternative conduct that would qualify under this statute. Because force is not an element of this statute, violations under armed bank robbery fail to satisfy 924(c)(3)(A) as a "crime of violence."

    The statute mentions the use of intimidation as alternative conduct of armed bank robbery. A threat is a common form of intimidation but intimidation can come in many forms. However, its general definition does not include violence or force. This Court has defined intimidation as, "threat of bodily harm." United States v. Woodrup, 86 F.3d 359, 364 (4th Cir. 1996). This definition does not mention whether the harm is physical and is silent as to the use of violence. Additionally, the definition does not mention force. Consequently, the possibility of intimidating someone without the use of "physical force" suggests it does not satisfy the force clause under the "categorical approach" and does not qualify as a "crime of violence."

    Another case in support of this position is United States v. Torres-Miguel, 701 F.3d 165 (4th Cir. 2012). In this case, the Court held that the <u>threat</u> of bodily injury does not mean that there is <u>use</u> of violent force. *Id*. at 168-69. Examples

which support this conclusion include poisoning, threatening to poison or attempting to poison someone and locking someone in a room. *See Id*. That range of conduct does not qualify as violent force, yet can still result in bodily harm. Torres-Miguel also established that the mere possibility that some other non-qualifying conduct could fall under the statute can disqualify all violations as "crimes of violence." *Id*. at 171. The range of conduct of disqualifying behavior should include all the possible and hypothetical conduct, not just those actions based on previously established fact patterns. *Id*.

In Johnson v. United States, the Court held that Florida's simple battery statute did not constitute a "crime of violence" because it lacked the necessary violent force. 559 U.S. 133 (2010). By extension, this further disqualifies armed bank robbery. The intimidation enunciated in the armed bank robbery statute might constitute a threat of force but does not compel a finding that the force be violent or physical. Without an express finding of "violent force" the analysis of the statute does not satisfy the force clause.

The residual clause should not apply to the assessment of a "crime of violence." In 2015, the Supreme Court held that the residual clause of 18 U.S.C. §924(e)(2)(B) was "unconstitutionally vague." Johnson v. United States, 135 S. Ct. 2551, 2554 (2015). The residual clause discussed in the case contained similar wording to the subject residual clause. The Court decided that the "ordinary case"

analysis of the residual clause conflicted with the Due Process Clause. *Id.* at 2558. The main issue with the residual clause was the lack of a workable standard for the courts to use in their analysis. *Id.* at 2558-60. The courts were unable to draw similar conclusions about what compromised the "ordinary case" for a statute due to disagreements in factors and the nature of the inquiry. *Id.* at 2560. The Supreme Court decided that without a consistent standard, the residual clause failed to give fair notice. *Id.* at 2556. The Court stated that the residual clause "produces more unpredictability and arbitrariness than the Due Process Clause tolerates." *Id.* at 2558.

Appellant asserts that due to the similar wording present in §924(c), its residual clause should also be held to be too vague and omitted from the analysis of what constitutes a "crime of violence."

Appellant asserts that the trial court erred when it denied the motion to dismiss Count Seven thereby ruling that armed bank robbery was a "crime of violence" under 924(c). Because armed bank robbery does not qualify as a "crime of violence" under 18 U.S.C. §924(c), Count Seven should have been dismissed and Appellant should have received a lower sentence.

## CONCLUSION

For the forgoing reasons, Appellant respectfully requests that the Court reverse the trial court's denials of his motions, vacate his sentence, and remand for a new sentence.

Respectfully submitted,

/s/ David R. Solomon
David R. Solomon
Law Offices of David R. Solomon, LLC
201 N. Charles Street, Suite 1717
Baltimore, Maryland 21201
(410) 244-8822
Attorney for the Appellant

## **CERTIFICATE OF COMPLIANCE**

I HEREBY CERTIFY that this brief was typed in 14-point Times New Romans font and contains 3,475 words, as counted by Microsoft Word 2016.

/s/ David R. Solomon
David R. Solomon

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of July, 2016 the Opening Brief for Appellant was filed with the Clerk, United States Court of Appeals for the Fourth Circuit via hand delivery and electronically using the Court's CM/ECF system which will send notification of such filing to:

Paul Michael Cunningham,
Assistant United States Attorney
United States Attorney's Office for the District of Maryland
36 S. Charles Street, Fourth Floor
Baltimore, Maryland 21201
Michael.cunningham@usdoj.gov

                                 /s/ David R. Solomon
                                 David R. Solomon
                                 Counsel for Appellant